IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 23-cr-00372-11 |
| | ) | |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| RAHEEM SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Raheem Smith is charged with possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). Before the Court is his motion to dismiss the indictment on Second Amendment grounds in light of recent Supreme Court case *New York State Rifle & Pistol Ass'n., Inc. v. Bruen*, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022). For the following reasons, the motion [291] is denied.

**Background**

The government's evidence in this matter establishes that from May 2022 through June 2023, Smith was a street-level drug dealer who sold fentanyl-laced heroin on behalf of a drug trafficking organization ("DTO") that operated in the vicinity of the 800 block of North Trumbull Avenue on the west side of Chicago (the "Drug Spot"). On June 4, 2023, co-defendant Terrance Sanders, who was identified as the head of the DTO, fired multiple rounds at a vehicle that he , mistakenly believed shot at the Drug Spot. One day later, on June 5, 2023, law enforcement intercepted a call between Sanders and Smith in which Sanders directed Smith to "[c]ome get your pipe [gun]." Dkt. 1 at ¶ 85. In the background of the call, an unknown male can be heard stating, "Take this pipe with you. Be careful man." *Id.* During the intercepted call, law enforcement monitoring a Chicago Police Department Police Observation Device ("POD") camera observed

Smith and Sanders meet in the alley behind a cell phone store near the Drug Spot, which the Sanders and the DTO used as a location to stash guns and narcotics. Sanders then gave Smith a firearm. On an intercepted call between Sanders and another co-defendant that occurred after Sanders gave defendant the gun, Sanders described the gun he gave to Smith as a nine-millimeter "FN." Id. at ¶ 88.

The following day, law enforcement conducting surveillance observed Smith leave his residence on the 4800 block of South Drexel Boulevard in Chicago and walk to the Chicago Transit Authority ("CTA") Green Line stop near the 4700 block of South Prairie Avenue. As Smith was walking, law enforcement saw Smith adjust his waistband and observed a gun tucked under his waistband. Smith then took the Green Line train in the direction of the Drug Spot. After Smith exited the train near North Kedzie and West Lake Street, which is approximately one mile south of the Drug Spot, law enforcement conducted an investigative stop of Smith, and recovered a loaded model FN 509 nine-millimeter pistol from his waistband, consistent with the description of the handgun Sanders discussed with another co-conspirator.

On August 30, 2023, a federal grand jury indicted Smith with knowingly and intentionally possessing with intent to distribute and distribute fentanyl, heroin, and cocaine from May 2022 through June 2023, in violation of 21 U.S.C. § 846 (Count One); and (2) knowingly using and carrying a firearm during and in relation to the drug trafficking conspiracy on June 5 and June 6, 2023, in violation of 18 U.S.C. § 924(c) (Count 5). On May 15, 2024, Smith filed his instant motion to dismiss the Section 924(c) charge from the indictment.

**Legal Standard**

Federal Rule of Criminal Procedure 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Rule 12 authorizes defendants to challenge the lawfulness of a prosecution on purely legal, as

opposed to factual, grounds. *See United States v. Coscia*, 866 F.3d 782, 790 (7th Cir. 2017) (considering defendant's contention that the indictment must be dismissed because the statute under which it is brought is unconstitutionally vague). A court may decide all questions of law raised in a motion to dismiss, including the constitutionality and interpretation of a federal statute. *See United States v. Sorich*, 523 F.3d 702, 706 (7th Cir. 2008).

**Discussion**

    A. **Second Amendment**

The Second Amendment to the United States Constitution states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. The Second Amendment guarantees the right of "law-abiding, responsible citizens" to keep and bear arms for self-defense. *District of Columbia v. Heller,* 554 U.S. 570, 635 (2008).

In *Bruen,* the Supreme Court announced a new test for analyzing the constitutionality of firearm restrictions. 142 S. Ct. at 2127. First, courts must determine whether the "Second Amendment's plain text covers an individual's conduct." *Id.* at 2129–30. If so, the Constitution presumptively protects that conduct and the burden shifts to the government to "demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* at 2126. Only then may the Court conclude that the "individual's conduct falls outside the Second Amendment's 'unqualified command.'" *Id.* (citing *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50 n.10, 81 S. Ct. 997, 6 L. Ed. 2d 105 (1961)); *see also United States v. Rahimi*, No. 22-915, 2024 WL 3074728, at *6 (U.S. June 21, 2024) (applying *Bruen*).

    B. **Section 924(c)**

Here, Smith cannot satisfy the first step in the analysis. The text of the Second Amendment does not cover an individual's right to use or carry a firearm "during and in relation to" a federal

3

drug trafficking crime or crime of violence, or to possess a firearm "in furtherance of" any such crime—i.e., the conduct prohibited under § 924(c). Instead, the Second Amendment protects the right to bear arms "for a lawful purpose," see *Heller*, 554 U.S. at 620, and, in particular, "individual self-defense," see *McDonald*, 561 U.S. at 767; *id*. at 780 (explaining that "the Second Amendment protects a personal right to keep and bear arms for lawful purposes"). The Seventh Circuit has previosuly rejected Second Amendment challenges to § 924(c), finding that the Second Amendment's protections do not extend to using or possessing a gun to facilitate other federal crimes. *See United States v. Jackson*, 555 F.3d 635, 636 (7th Cir. 2009) ("The Constitution does not give anyone the right to be armed while committing a felony, or even to have guns in the next room for emergency use should suppliers, customers, or the police threaten a dealer's stash."). Thus, Section 924(c) is not covered by the plain text of the Second Amendment.

Because Smith cannot satisfy the first step of this analysis, we need not move on to the next step of the *Bruen* analysis. *See Bruen*, 597 U.S. at 18 ("[T]he analysis can stop. . .," once it is established that the plain text of the Second Amendment does not protect the conduct prohibited by the statute at issue.) Thus, Section 924(c) is facial constitutional.

**Conclusion**

Section 924(c) is facial constitutional. Thus, the motion to dismiss [291] is denied.

**IT IS SO ORDERED.**

Date: August 21, 2024          Entered: _____
                                        SHARON JOHNSON COLEMAN
                                        United States District Judge