IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 23-cr-00372-11 |
| | ) | |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| RAHEEM SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On August 30, 2023, Defendant Raheem Smith ("Smith") was indicted on charges of possessing a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c). On May 15, 2024, Smith filed a motion to dismiss the charges on grounds that § 924(c) violates the Second Amendment both facially and as applied to him in light of the United States Supreme Court's holding in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022). In its opinion on August 21, 2024, the Court denied Smith's motion, holding that § 924(c) was facially constitutional. Smith subsequently filed this motion for reconsideration requesting the Court reconsider its ruling as to whether § 924(c) is unconstitutional as applied to him.

The Court grants this motion for reconsideration and now takes on the question of whether § 924(c) is unconstitutional as applied to Smith. For the following reasons, the Court affirms its prior holding and finds that § 924(c) is constitutional as applied to Smith [338].

**Background**

The Court restates the background as provided in its prior opinion. The government's evidence in this matter establishes that from May 2022 through June 2023, Smith was a street-level drug dealer who sold fentanyl-laced heroin on behalf of a drug trafficking organization ("DTO") that operated in the vicinity of the 800 block of North Trumbull Avenue on the west side of Chicago (the

"Drug Spot"). On June 4, 2023, co-defendant Terrance Sanders, who was identified as the head of the DTO, fired multiple rounds at a vehicle that he mistakenly believed shot at the Drug Spot. One day later, on June 5, 2023, law enforcement intercepted a call between Sanders and Smith in which Sanders directed Smith to "[c]ome get your pipe [("gun")]." (Dkt. 1 at ¶ 85.) In the background of the call, an unknown male can be heard stating, "Take this pipe with you. Be careful man." (*Id.*) During the intercepted call, law enforcement monitoring a Chicago Police Department Police Observation Device ("POD") camera observed Smith and Sanders meet in the alley behind a cell phone store near the Drug Spot, which the Sanders and the DTO used as a location to stash guns and narcotics. Sanders then gave Smith a firearm. On an intercepted call between Sanders and another co-defendant that occurred after Sanders gave defendant the gun, Sanders described the gun he gave to Smith as a nine-millimeter "FN," which is a handgun model. (*Id.* at ¶ 88.)

The following day, law enforcement conducting surveillance observed Smith leave his residence on the 4800 block of South Drexel Boulevard in Chicago and walk to the Chicago Transit Authority ("CTA") Green Line stop near the 4700 block of South Prairie Avenue. As Smith was walking, law enforcement saw Smith adjust his waistband and observed a gun tucked under his waistband. Smith then took the Green Line train in the direction of the Drug Spot. After Smith exited the train near North Kedzie and West Lake Street, which is approximately one mile south of the Drug Spot, law enforcement conducted an investigative stop of Smith, and recovered a loaded model FN 509 nine-millimeter pistol from his waistband, consistent with the description of the handgun Sanders discussed with another co-conspirator.

On August 30, 2023, a federal grand jury indicted Smith with knowingly and intentionally possessing with intent to distribute and distribute fentanyl, heroin, and cocaine from May 2022 through June 2023, in violation of 21 U.S.C. § 846 (Count One); and (2) knowingly using and carrying

a firearm during and in relation to the drug trafficking conspiracy on June 5 and June 6, 2023, in violation of 18 U.S.C. § 924(c) (Count Five).

As the Court stated above, on May 15, 2024, Smith filed a motion to dismiss on grounds that § 924(c) violates the Second Amendment both facially and as applied to him, which the Court denied on August 21, 2024. Smith subsequently filed a motion to reconsider on August 27, 2024, requesting the Court reconsider its ruling as to whether § 924(c) is unconstitutional as applied to him. The Court granted this motion for reconsideration and now takes on the question of whether § 924(c) is unconstitutional as applied to Smith.

**Legal Standard**

Federal Rule of Criminal Procedure 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Rule 12 authorizes defendants to challenge the lawfulness of a prosecution on purely legal, as opposed to factual, grounds. *See United States v. Coscia*, 866 F.3d 782, 790 (7th Cir. 2017) (considering defendant's contention that the indictment must be dismissed because the statute under which it is brought is unconstitutionally vague). A court may decide all questions of law raised in a motion to dismiss, including the constitutionality and interpretation of a federal statute. *See United States v. Sorich*, 523 F.3d 702, 706 (7th Cir. 2008).

**Discussion**

*A. Analyzing the Constitutionality of Firearm Restrictions Under the Second Amendment*

The Second Amendment to the United States Constitution states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II. The Second Amendment guarantees the right of "law-abiding, responsible citizens" to keep and bear arms for self-defense. *District of Columbia v. Heller,* 554 U.S. 570, 635, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008).

The test for analyzing the constitutionality of firearm restrictions is provided by *Bruen*. 597 U.S. at 24. First, courts must determine whether the "Second Amendment's plain text covers an individual's conduct." *Id.* If so, the Constitution presumptively protects that conduct and the burden shifts to the government to demonstrate that the regulation "is consistent with this Nation's historical tradition of firearm regulation." *Id.* Only then may the Court conclude that the "individual's conduct falls outside the Second Amendment's 'unqualified command.'" *Id.* (citing *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50 n.10, 81 S. Ct. 997, 6 L. Ed. 2d 105 (1961)); *see also United States v. Rahimi*, 144 S. Ct. 1889, 1898, 219 L. Ed. 2d 351 (2024) (applying *Bruen*).

B. *Seventh Circuit precedent on facial challenges in light of* Bruen

The Seventh Circuit's recent precedent regarding the constitutionality of facial and as-applied challenges to 18 U.S.C. § 922(g)(1) is instructive to Smith's as-applied challenge to the constitutionality of § 924(c). The Seventh Circuit recently foreclosed criminal defendants from facially challenging the constitutionality of § 922(g)(1). *See United States v. Gay*, 98 F.4th 843, 846 (7th Cir. 2024). In *Gay*, the defendant challenged his conviction under § 922(g)(1) on appeal, arguing that the Second Amendment permitted persons with felony convictions like himself to possess firearms "notwithstanding statutes such as 18 U.S.C. § 922(g)(1)." *Id.* The Seventh Circuit noted that the defendant's argument was "hard to square" with the Supreme Court's statement in *Heller* that "longstanding prohibitions on the possession of firearms by felons" are valid. *Id.* ("Justices Alito and Kavanaugh, whose votes were essential to the majority, wrote separately to say that *Bruen* did not change anything about *Heller*.") (citing *Bruen*, 597 U.S. at 72 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm . . . Nor have we disturbed anything that we said in *Heller* or *McDonald* about restrictions that may be imposed on the possession or carrying of guns.").

Courts in this district have since interpreted *Gay* as foreclosing challenges to § 922(g)(1). *See, e.g.*, *United States v. Fillyaw*, No. 23 CR 650, 2024 WL 3338940, at *1 (N.D. Ill. July 9, 2024) (Kennelly,

J.) (holding that defendant's challenge to § 922(g)(1) was foreclosed by *Gay*); *United States v. Barenas-Reynoso,* No. 19-CR-00351-8, 2024 WL 3509757 at *2 (N.D. Ill. July 23, 2024) (Coleman, J.) (holding the same). And as the Court explained in its prior opinion on this motion, prior to *Bruen*, the Seventh Circuit also previously rejected Second Amendment challenges to § 924(c), finding that the Second Amendment's protections do not extend to using or possessing a gun to facilitate other federal crimes. *See United States v. Jackson*, 555 F.3d 635, 636 (7th Cir. 2009) ("The Constitution does not give anyone the right to be armed while committing a felony, or even to have guns in the next room for emergency use should suppliers, customers, or the police threaten a dealer's stash."); *see also Barenas-Reynoso*, 2024 WL 3509757 at *3 (holding that § 924(c) "is not covered by the plaint text of the Second Amendment and is facially constitutional").

Consistent with Seventh Circuit precedent, and the Court's prior opinion on this motion, the Court once again finds that § 924(c) is facially constitutional.

C. *Seventh Circuit precedent on as-applied challenges in light of* Bruen

After holding that *Bruen* barred facial challenges to the constitutionality of the statute, the *Gay* court proceeded, "for the sake of argument" to consider whether "there is *some room* for as-applied challenges" to § 922(g)(1). *Gay*, 98 F.4th at 846. "When describing the persons who possess rights under the Second Amendment" the court noted, "*Bruen* repeatedly used the phrase 'law-abiding, responsible citizens' or a variant." *Id.* The court then reviewed the defendant's criminal record, noting that he "ha[d] been convicted of 22 felonies, including aggravated battery of a peace officer and possessing a weapon while in prison" and had violated a condition of his parole that he would not possess a firearm. *Id.* at 846–47. "Just as *Samson* holds that parolees lack the same privacy rights as free persons," the court concluded, "parolees lack the same armament rights as free persons." *Id.* at 847 (citing *Samson v. California*, 547 U.S. 843, 126 S. Ct. 2193, 165 L. Ed. 2d 250 (2006)). Because of this criminal history and the conditions of his arrest, the court held that the defendant was not a "'law-

abiding, responsible' person who has a constitutional right to possess firearms" and rejected the defendant's as-applied challenge to the constitutionality of his conviction under § 922(g)(1). *Id.*

The Court applies this same test to consider the constitutionality of § 924(c) as applied to Smith. Here, Smith has an extensive criminal history. This includes numerous prior warrants, three felony convictions—two narcotics convictions and one for felon-in-possession of a firearms—and repeated violations of the terms of his parole stemming from these convictions. The fact that two of these three felony convictions were for drug-related offenses does not reduce the weight of Smith's criminal history, as courts have long regarded the nexus between drug trafficking and guns as being particularly dangerous. *See, e.g., U.S. v. Bullock*, 632 F.3d 1004, 1016 (7th Cir. 2011) ("Drug crimes are associated with dangerous and violent behavior and warrant a higher degree of precaution."); *U.S. v. Rhodes*, 229 F.3d 659, 661 (7th Cir. 2000) ("Guns are among the tools of the drug trade."); *U.S. v. Castillo*, 406 F.3d 806, 814 (finding that § 924(c) was intended by Congress to "combat the dangerous combination of drugs and guns").

Because of this criminal history, the Court finds that Smith is not a "law-abiding citizen" under *Gay*. Accordingly, the Court denies Smith's motion to dismiss the indictment on the grounds that § 924(c) is unconstitutional as applied to him.

**Conclusion**

For these reasons, the Court grants Smith's motion for reconsideration of the Court's prior opinion [335] and finds that 18 U.S.C. § 924(c) does not violate the Second Amendment as applied to Smith. Thus, the Court denies the motion to dismiss the indictment [338].

**IT IS SO ORDERED.**

Date: 9/23/2024        Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge